UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEEL CHARLES,**<br>    **Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 12-2516** |
| **NABORS DRILLING USA, LP, ET AL.,**<br>    **Defendants** | **SECTION: "E"** |

### ORDER AND REASONS

Before the Court is a Motion to Reopen Case and to Set Status Conference by Keel Charles ("Plaintiff").[1] Harvey Gulf International Marine, LLC ("HGIM") filed an opposition,[2] as did Nabors Offshore Corporation ("Nabors").[3] Plaintiff filed a reply.[4] For the reasons that follow, the Motion is **GRANTED**.

### BACKGROUND

This 2012 case stems from injuries Plaintiff sustained on a drilling rig in 2011. Plaintiff was employed by MI Swaco as a service technician for Rig M – 202 ("rig"), which was allegedly owned by the Nabors Defendants.[5] The rig was located in Block MC 941, Well #4 on the Outer Continental Shelf.[6] ATP Oil & Gas Corporation ("ATP") was allegedly the owner/operator of the lease and/or drilling operations on the rig's platform.[7] Plaintiff alleges, while making a transfer from the HARVEY SPIRIT vessel operated by

---

[1] R. Doc. 33.
[2] R. Doc. 34.
[3] R. Doc. 35. Nabors opposition simply "adopts and joins in" HGIM's opposition. *Id.*
[4] R. Doc. 40.
[5] R. Doc. 1-1 at pp. 2-3. Plaintiff alleges the rig was owned by Nabors Offshore Corporation, Nabors Offshore Drilling, Inc., and/or Nabors Drilling USA, LP, all corporate entities named as defendants in this case. For clarity, the Court collectively refers to these Defendants as the "Nabors Defendants."
[6] Plaintiff invokes this Court's subject matter jurisdiction under the Outer Continental Shelf Lands Act. R. Doc. 1-1 at p. 1.
[7] R. Doc. 34 at p. 2.

1

HGIM to the fixed platform via a personnel basket attached to the rig's crane, he was thrown from the personnel basket and sustained serious injuries.

As a result of the accident, Plaintiff sued the Nabors Defendants (the rig owners), ATP (the platform operator), and HGIM (the vessel operator), originally in the U.S. District Court for the Western District of Louisiana, on April 17, 2012.[8] Relevant to the instant Motion, four months after filing suit, on August 24, 2012, ATP filed a "suggestion of bankruptcy" on the record.[9] The suggestion of bankruptcy provided:

> On August 17, 2012, pursuant to Chapter 11 of the United States Bankruptcy Code, ATP OIL & GAS CORPORATION filed its voluntary bankruptcy petition in the United States Bankruptcy Court in the Southern District of Texas, Case No. 12-36187 . . . . Pursuant to federal law, *this matter is now subject to the automatic stay provided in 11 U.S.C. § 362*.[10]

On September 4, 2012, in light of the suggestion of bankruptcy, Judge Doherty held a status conference with the parties. A minute entry from that status conference reflects a dispute among the parties as to whether 11 U.S.C. § 362's automatic stay extended to non-bankrupt Defendants.[11] "In order to permit counsel to take stock of the effect of the bankruptcy stay upon further proceedings . . .," Judge Doherty stayed the case for 30 days and ordered the parties "to confer for the purpose of ascertaining whether . . . all parties" agreed "[on] how [to] proceed[]."[12]

In compliance with Judge Doherty's order, on October 5, 2012, the parties filed a "report" detailing the results of their meet and confer. "In discussing how th[e] case should proceed, the parties began with the threshold issue of whether venue is proper in

---

[8] R. Doc. 1.
[9] R. Doc. 18.
[10] *Id.* (emphasis added).
[11] R. Doc. 19.
[12] *Id.*

th[e]" Western District of Louisiana.[13] The parties agreed it was not. As such, the parties requested Judge Doherty "lift the Stay (Rec. Doc. No. 19) for the limited purposes of (1) allowing [an] Agreed Motion to Transfer Venue to be filed; and (2) transferring the case to the United States District Court for the Eastern District of Louisiana."[14] Judge Doherty obliged the parties' request, and the case was transferred to this Court on October 16, 2012.[15]

Once in the Eastern District of Louisiana, the stay entered by Judge Doherty of the Western District was lifted by this Court on November 2, 2012.[16] Between November 3, 2012 and June 16, 2013, no docket entries exist on the record. On June 17, 2013, the Court issued a show cause order because two of the Nabors Defendants—Nabors Drilling USA, LP, and Nabors Offshore Drilling, Inc.—had not yet been served.[17] On July 15, 2013, Plaintiff filed a response to the show cause order.[18] In that response, Plaintiff acknowledged only one of the Nabors Defendants—Nabors—is the correct party to the action and represented to the Court he would file a motion to dismiss the other Nabors Defendants without prejudice.[19] Plaintiff explained "[b]ecause of the Bankruptcy Stay filed by another defendant, the dismissals . . . have not been filed to date."[20]

The next docket entry came on August 6, 2013, when this Court administratively closed the case.[21] The Court's August 6, 2013 Order reads in part:

> Considering the Suggestion of Bankruptcy filed by defendant ATP Oil & Gas Corporation (rec. doc. #18);

---

[13] R. Doc. 20 at p. 2.
[14] *Id.*
[15] R. Doc. 25.
[16] R. Doc. 27.
[17] R. Doc. 29.
[18] R. Doc. 30.
[19] *Id.*
[20] *Id.*
[21] R. Doc. 31.

3

IT IS ORDERED that the Clerk of Court mark this action closed for statistical purposes.

IT IS FURTHER ORDERED that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.[22]

Nine years after this Court's August 6, 2013 Order administratively closing the case, on October 18, 2022, Plaintiff filed a Motion to Reopen Case and to Set Status Conference because ATP's "bankruptcy has now completed."[23] HGIM and Nabors filed an opposition—they argue the Court should dismiss Plaintiff's claims against all Defendants with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.[24]

## LAW AND ANALYSIS

A district court's power to dismiss an action for failure to prosecute is well-established. It may do so upon a defendant's motion to dismiss pursuant to Rule 41(b).[25] It "also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant." [26] As the Supreme Court has recognized, this inherent authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court."[27]

However, as the Fifth Circuit has cautioned, this "'sanction of dismissal is the most severe sanction that a court may apply, and its use must be tempered by a careful

---

[22] *Id.*
[23] R. Doc. 33 at p. 1.
[24] R. Doc. 34 at p. 7; *see also* R. Doc. 35 (adopting R. Doc. 35).
[25] *See* FED. R. CIV. PRO. 41(b).
[26] *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir.1997), *cert. denied*, 522 U.S. 875, 118 S.Ct. 195, 139 L.Ed.2d 133 (1997) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734(1962)).
[27] *Link*, 370 U.S. at 629.

4

exercise of judicial discretion.'"[28] Accordingly, the Fifth Circuit has held consistently "that Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, … *and* where lesser sanctions would not serve the best interests of justice."[29] It is essential that the Court expressly consider lesser sanctions.[30] Moreover, this "consideration, and the court's findings that lesser sanctions would be inadequate, must be spread upon the record."[31] Failure to comply with the Fifth Circuit's "strict framework" will result in reversal, even under an abuse of discretion standard of review.[32]

In addition, the Fifth Circuit's record of affirmations and reversals on the subject reveals that the sanction of dismissal "is reserved for the most egregious of cases, usually cases where the requisite factors of clear delay and ineffective lesser sanctions are bolstered by the presence of at least one … aggravating factor[ ]."[33] Such aggravating factors include: "[1] the extent to which the plaintiff, as distinguished from his counsel, was personally responsible for the delay, [2] the degree of actual prejudice to the defendant, and [3] whether the delay was the result of intentional conduct."[34]

Despite HGIM's and Nabor's arguments, the situation presented in this case fails the Fifth Circuit's analytical framework for Rule 41(b) dismissal with prejudice. First, while the amount of time elapsed here—nine years—is certainly sufficient to constitute a "clear record of delay," the delay is not clearly attributable to Plaintiff's (or his

---

[28] *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967) (quoting *Durgin v. Graham*, 372 F.2d 130, 131 (5th Cir. 1967)).
[29] *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir.1972)) (emphasis added) (citation and internal quotations omitted).
[30] *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir.1985).
[31] *Id.*
[32] *Campbell v. Wilkinson*, 988 F.3d 798, 801 (5th Cir. 2021) (Ho, J.).
[33] *Rogers*, 669 F.2d at 320; *see also Nilson v. Ikon Office Solutions, Inc.*, 2002 WL 742694 *3 (N.D.Tex.2002).
[34] *Id.*

5

counsel's) failure to prosecute. The Court finds the delay in prosecution may be fairly attributed, at least in part, to the August 6, 2013 Order. In that order, and specifically referencing ATP's suggestion of bankruptcy, the Court administratively closed the case.[35] The Court's order also instructed the parties to file a motion to reopen the case "if circumstances change[d] so that it may proceed to final disposition."[36] One plausible interpretation of the Court's order, and the one Plaintiff argues he took, is that the case was stayed due to ATP's bankruptcy. When that "circumstance" changed, *i.e.*, ATP's bankruptcy concluded, Plaintiff moved to reopen the case.[37] Buttressing Plaintiff's interpretation of the August 6, 2013 Order is the fact that the order expressly says it will "not prejudice the rights of the parties to this litigation."[38] Carefully exercising its discretion, the Court cannot definitively conclude the first required element for Rule 41(b) dismissal with prejudice exists in this case.

Second, the record does not establish the existence of any aggravating factor. The record does not reveal the extent of Plaintiff's personal responsibility for the delay, if any. Nor does the record show that the delay was the result of intentional conduct. HGIM and Nabors argue the delay will cause them prejudice in that the case is now stale—witnesses may be hard to locate or may have difficulty remembering relevant facts, for example. Certainly, there is a potential for prejudice. Importantly though, "potential prejudice" is not an aggravating circumstance recognized by the Fifth Circuit;

---

[35] R. Doc. 31.
[36] *Id.*
[37] While Plaintiff waited around one year after the conclusion of ATP's bankruptcy to move to reopen the case, no Defendant substantively argues the Court should dismiss due to the one-year delay. Indeed, the oppositions before the Court acknowledge "this one-year difference would not have cured the [potential] prejudice from Plaintiff's delay." R. Doc. 34 at p. 6; *see also* R. Doc. 35 (adopting R. Doc. 34). The Court does not find the one-year delay to be a "clear record of delay." *See Rogers v. Kroger Co.*, 669 F.2d 317, 320-31 (5th Cir. 1982) (collecting cases involving multi-year delays).
[38] R. Doc. 31.

"actual prejudice" is.[39] In sum, exercising the broad discretion afforded district courts, the Court finds this is not one of the "egregious cases" where dismissal with prejudice is warranted.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that the Motion to Reopen Case and to Set Status Conference is **GRANTED**. A status conference is set for **Wednesday, December 21, 2022, at 10:00 a.m.**, in the chambers of Judge Susie Morgan.

**New Orleans, Louisiana, this 9th day of December, 2022.**

*[signature: Susie Morgan]*

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[39] *See Campbell*, 988 F.3d at 802 (recognizing one aggravating circumstance is "actual prejudice to the defendant") (internal quotations omitted).