**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **KEEL CHARLES,** | **CIVIL DOCKET** |
| **Plaintiff** | |
| | |
| **VERSUS** | **NO.  12-2516** |
| | |
| **NABORS DRILLING USA, LP, ET AL.,** | **SECTION: "E"** |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration of the December 9, 2022 Order and Reasons filed by Harvey Gulf International Marine, LLC ("HGIM").[1] Keel Charles ("Plaintiff") filed an opposition.[2] For the reasons that follow, the Motion is **DENIED**.

## BACKGROUND

The background facts are set forth extensively in the Court's December 9, 2022 Order and Reasons.[3] Accordingly, the Court will not fully reiterate those background facts here.

This 2012 case stems from injuries Plaintiff sustained on a drilling rig in 2011. Plaintiff was employed by MI Swaco as a service technician for Rig M – 202 ("rig"), which was allegedly owned by Nabors.[4] The rig was located in Block MC 941, Well #4 on the Outer Continental Shelf.[5] ATP Oil & Gas Corporation ("ATP") was allegedly the owner/operator of the lease and/or drilling operations on the rig's platform.[6] Plaintiff alleges, while making a transfer from the HARVEY SPIRIT vessel operated by HGIM to

---

[1] R. Doc. 50. Nabors Offshore Corporation ("Nabors") joined into HGIM's Motion. *See* R. Doc. 51.
[2] R. Doc. 55. Plaintiff's opposition merely incorporates the Court's December 9, 2022 Order and Reasons.
[3] R. Doc 41.
[4] R. Doc. 1-1 at pp. 2-3.
[5] R. Doc. 1-1 at p. 1.
[6] R. Doc. 34 at p. 2.

the fixed platform via a personnel basket attached to the rig's crane, he was thrown from the personnel basket and sustained serious injuries.

As a result of the accident, Plaintiff sued Nabors (the rig owner), ATP (the platform operator), and HGIM (the vessel operator).[7] On August 24, 2012, ATP filed a "suggestion of bankruptcy" on the record.[8] On August 6, 2013, this Court administratively closed the case.[9] The Court's August 6, 2013 Order reads in part:

> Considering the Suggestion of Bankruptcy filed by defendant ATP Oil & Gas Corporation (rec. doc. #18);
> IT IS ORDERED that the Clerk of Court mark this action closed for statistical purposes.
>
> IT IS FURTHER ORDERED that the Court shall retain jurisdiction and that the case shall be restored to the trial docket upon motion of a party if circumstances change, so that it may proceed to final disposition; this order shall not prejudice the rights of the parties to this litigation.

Nine years after this Court's August 6, 2013 Order administratively closing the case, on October 18, 2022, Plaintiff filed a Motion to Reopen Case and to Set Status Conference ("Motion to Reopen") because ATP's "bankruptcy [wa]s completed."[10] HGIM and Nabors filed an opposition arguing the Court should dismiss Plaintiff's claims against all Defendants with prejudice for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.[11] On December 9, 2022, the Court granted Plaintiff's Motion to Reopen, thereby rejecting HGIM's and Nabors' contentions.[12] Now, HGIM asks the Court to reconsider the December 9, 2022 Order and Reasons, which Plaintiff opposes.

## LAW AND ANALYSIS

HGIM moves this Court under Rule 54(b) of the Federal Rules of Civil Procedure

---

[7] R. Doc. 1.
[8] R. Doc. 18.
[9] R. Doc. 31.
[10] R. Doc. 33 at p. 1.
[11] R. Doc. 34 at p. 7; *see also* R. Doc. 35 (adopting R. Doc. 35).
[12] R. Doc. 41.

to reconsider the December 9, 2022 Order and Reasons reopening this case.[13] The Court's Order and Reasons did not adjudicate the claims against the Defendants, and, as a result, is not a final judgment. When, as here, "a party seeks to revise an order that adjudicates fewer than all the claims among all the parties, Federal Rule of Civil Procedure 54(b) controls."[14] "The general practice of courts in this district has been to evaluate Rule 54(b) motions to reconsider under the same standards that govern Rule 59(e) motions to alter or amend a final judgment."[15] This Court expressly adopts that practice, and applies the standards applicable to Rule 59(e) motions to alter or amend a final judgment.

A Rule 59(e) motion to alter or amend "calls into question the correctness of a judgment," and courts have considerable discretion in deciding whether to grant such a motion.[16] To prevail on a Rule 59(e) motion, the movant must clearly establish at least one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence not previously available; or (3) a manifest error in law or fact.[17] "Manifest error" is one that "is plain and indisputable."[18] A Rule 59(e) motion is "not the vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."[19] Instead, Rule 59(e) "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or to present newly discovered

---

[13] *Id.*
[14] *Tucker v. Unitech Training Acad., Inc.*, No. CV 15-7133, 2018 WL 11319092, at *1 (E.D. La. Feb. 21, 2018) (quoting *S. Snow Mfg. Co., Inc. v. Snowizard Holdings, Inc.*, 921 F. Supp. 2d 548, 563-64 (E.D. La. 2013))
[15] *Tucker*, 2018 WL 11319092, at *1 (citing *Reyes v. Julia Place Condominiums Homeowners Ass'n, Inc.*, No. 12-2043, 2016 WL 4272493, at *3 (E.D. La. Aug. 15, 2016) and *Snowizard*, 921 F. Supp. 2d at 565).
[16] *See, e.g., In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002).
[17] *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005). *See also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Norris v. Causey*, No. 14-1598, 2016 WL 311746, at *4 (E.D. La. Jan. 26, 2016).
[18] *See, e.g., Pechon v. La. Dep't of Health and Hospitals*, No. 08-0664, 2009 WL 2046766, at *4 (E.D. La. July 14, 2009) (quoting *Venegas-Hernandez v. Sonolux Records*, 370 F.3d 183, 195 (1st Cir. 2004); *Bank One, Texas, N.A. v. F.D.I.C.*, 16 F. Supp. 2d 698, 713 (N.D. Tex. 1998) ("[A] manifest error is an obvious mistake or departure from the truth.") (internal quotation marks omitted)).
[19] *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citations omitted).

3

evidence."[20] "A manifest error is not shown by the disappointment of the losing party, rather it is the wholesale disregard, misapplication, or failure to recognize controlling precedent."[21]

Broadly, HGIM argues the Court erred in its December 9, 2022 Order and Reasons by (1) finding the delay in prosecuting Plaintiff's claims was not clearly attributable to Plaintiff or his counsel; (2) interpreting a part of HGIM's briefing as a concession that one year could not constitute a "clear record of delay;" (3) failing to address the argument, and find, that any sanction lesser than a dismissal with prejudice could not could cure the prejudice to Defendants; and (4) finding there was no aggravating circumstance warranting the harsh penalty of dismissal with prejudice that was sought by HGIM.[22] In making its arguments, HGIM fails to clearly identify the basis for its Motion for Reconsideration under Rule 59(e). HGIM's arguments plausibly relate only to the third basis for reconsideration under Rule 59(e), that is, a manifest error in law or fact.

## I. HGIM's first argument: the Court made a manifest error of fact in finding the delay in prosecution was not clearly attributable to Plaintiff or his counsel.

In support of HGIM's contention that the Court erred in finding the delay in prosecution was not clearly attributable to Plaintiff or his counsel, HGIM raises the very same arguments it previously made in its opposition to Plaintiff's Motion to Reopen and, in addition, HGIM makes one new argument it should have made in its opposition.

First, HGIM argues the Court's August 6, 2013 Order administratively closing the case did not prohibit Plaintiff from moving to lift the administrative stay, and, as a result,

---

[20] *Id.* (citations omitted).
[21] *Factor King, LLC v. Block Builders, LLC*, 192 F.Supp.3d 690, 693 (M.D. La. 2016) (citation and internal quotations marks omitted).
[22] *See* R. Doc. 50-1.

the record of delay is attributable to Plaintiff. [23] HGIM made this argument in its opposition to Plaintiff's Motion to Reopen,[24] and the Court considered and rejected it.[25] A motion to reconsider "is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed."[26]

 Second, HGIM argues the August 6, 2013 Order administratively closing the case should not have caused any confusion because Judge Doherty specifically advised Plaintiff that 11 U.S.C. § 362 did not operate as an automatic stay.[27] Again, this argument, made in HGIM's opposition,[28] was considered and rejected.[29] Accordingly, this is not a basis for reconsideration under Rule 59(e).

Third, HGIM argues the August 6, 2013 Order should not have been interpreted as a stay due to ATP's bankruptcy because the bankruptcy was converted to a Chapter 7 bankruptcy on June 26, 2014. In other words, HGIM argues it was unreasonable to interpret the Court's August 6, 2013 Order as a stay based on ATP's bankruptcy because ATP was never going to emerge from the bankruptcy proceedings. [30] This is a new argument that was not, but could and should have been, raised in HGIM's opposition to Plaintiff's Motion to Reopen. Under Rule 59(e), a motion for reconsideration cannot be

---

[23] R. Doc 50-1 at p. 6.
[24] *See, e.g.*, R. Doc. 34 at p. 5 ("Plaintiff could have asked to lift the stay and pursued his claims against HGIM or the the Nabors defendants, but he made no effort to do so.").
[25] R. Doc. 41 at pp. 5-6.
[26] *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 247 F.Supp.2d 1233, 1235 (D. Kansas 3/4/2003).
[27] R. Doc 50-1 at p. 6.
[28] R. Doc. 34 at p. 5 ("Presumably, Plaintiff will assert that he took no steps . . . because of ATP's bankruptcy. . . . [T]he district court specifically advised that 11 U.S.C. § 362 did not operate as an automatic stay.")
[29] R. Doc. 41 at pp. 5-6.
[30] R. Doc 50-1 at p. 6.

used to "raise issues that 'could, and should, have been made before the [Order and Reasons] was issued.'"[31]

## II.    HGIM's second argument: the Court made a manifest error of fact in interpreting a part of HGIM's briefing as a concession that one year could not constitute a clear record of delay.

HGIM argues the Court erred in its December 9, 2022 Order and Reasons because it misconstrued HGIM's statement that "th[e] one-year [delay between the conclusion of ATP's bankruptcy and the filing of Plaintiff's Motion to Reopen] would not have cured the prejudice resulting from Plaintiff's delay" as a concession that one year could not constitute a "clear record of delay."[32] Specifically, HGIM points to footnote 37 from the Court's December 9, 2022 Order and Reasons, which reads:

> While Plaintiff waited around one year after the conclusion of ATP's bankruptcy to move to reopen the case, no Defendant substantively argues the Court should dismiss due to the one-year delay. Indeed, the oppositions before the Court acknowledge "this one-year difference would not have cured the [potential] prejudice from Plaintiff's delay." R. Doc. 34 at p. 6; *see also* R. Doc. 35 (adopting R. Doc. 34). The Court does not find the one-year delay to be a "clear record of delay." *See Rogers v. Kroger Co.*, 669 F.2d 317, 320-21 (5th Cir. 1982) (collecting cases involving multi-year delays).[33]

HGIM misconstrues the import of the Court's footnote. As is plainly reflected, the Court did not treat HGIM's statement as a concession that the one-year delay was not a "clear record of delay." To the contrary, the Court expressly found the one-year was not a "clear record of delay" under Fifth Circuit caselaw. Accordingly, HGIM's argument fails.

---

[31] *Advocare Int'l LP u. Horizon Labs., Inc.*, 524 F.3d 679, 691 (5th Cir. 2008) (quoting *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003)).
[32] R. Doc. 50-1 at p. 7.
[33] R. Doc. 41 at p. 6 n.37.

**III.    HGIM's third argument: the Court made a manifest error of law because it did not address whether a lesser sanction, rather than a dismissal with prejudice, could cure the prejudice to HGIM.**

HGIM argues the Court should reconsider its Order and Reasons to address whether it should have dismissed Plaintiff's claims with prejudice because a lesser sanction could not cure the prejudice to HGIM.[34] Quite simply, HGIM's argument reflects a fundamental misunderstanding of the standard for Rule 41(b) dismissal with prejudice for failure to prosecute.

As stated in the Court's December 9, 2022 Order and Reasons, "the Fifth Circuit has held consistently 'that Rule 41(b) dismissals with prejudice will be affirmed only upon a showing of a clear record of delay or contumacious conduct by the plaintiff, ... *and* where lesser sanctions would not serve the best interests of justice.'"[35] This means there are two elements that must exist before a court may properly dismiss under Rule 41(b). First, there must be a showing of a clear record of delay attributable to the plaintiff. And second, when the first element is met, courts must consider whether a sanction lesser than dismissal with prejudice would serve the best interests of justice. The Court found, "while the amount of time elapsed here—nine years—is certainly sufficient to constitute a 'clear record of delay,' the delay is not clearly attributable to Plaintiff's (or his counsel's) failure to prosecute" because "one plausible interpretation of the Court's [August 6, 2013] Order . . . is that the case was stayed due to ATP's bankruptcy."[36] As a result, the Court could not "definitively conclude the first required element for Rule 41(b) dismissal with prejudice exists in this case."[37]

---

[34] R. Doc. 50-1 at p. 7.
[35] R. Doc. 41 at p. 5 (citing *Rogers v. Kroger Co.*, 669 F.2d 317, 320 (5th Cir.1982) (quoting *Pond v. Braniff Airways, Inc.*, 453 F.2d 347, 349 (5th Cir.1972)) (emphasis added) (citation and internal quotations omitted)).
[36] *Id.* at pp. 5-6.
[37] *Id.* at p. 6.

Because the Court found "the first required element for Rule 41(b) dismissal with prejudice" did not exist,[38] the Court did not, and was not required to, reach the second element of the analysis. Accordingly, HGIM's argument fails. Even if the Court had reached the second element, exercising the significant discretion afforded to district courts under Rule 41(b),[39] the Court finds a sanction lesser than dismissal with prejudice serves the best interest of justice in this case.

## IV. HGIM's fourth argument: the Court made a manifest error of fact by finding there exists no aggravating circumstance warranting the harsh penalty sought by HGIM.

HGIM argues the Court should reconsider its Order and Reasons and dismiss Plaintiff's claims with prejudice for failure to prosecute under Rule 41(b) because prejudice, on account of the delay, may result to HGIM. To that end, HGIM argues "Plaintiff's substantial and inexcusable delay will undoubtedly cause prejudice to HGIM"[40] on account of the case being stale—witnesses *may* have forgotten the accident; the rig *may* no longer be on the platform; medical witnesses *may* no longer be available; and records *may* be unavailable.[41]

HGIM's arguments about potential prejudice caused by the delay have been considered and rejected by this Court.[42] Specifically, in its Order and Reasons, the Court first highlighted that "the Fifth Circuit's record of affirmations and reversals on the subject reveals . . . the sanction of dismissal 'is reserved for the most egregious cases, usually cases where . . . the presence of at least one . . . aggravating factor" exists.[43] Then,

---

[38] R. Doc. 41 at p. 6.
[39] *Durham v. Florida East Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir.1967).
[40] R. Doc. 50-1 at p. 8.
[41] *Id.*
[42] R. Doc. 41 at pp. 6-7.

[43] *Id.* at p. 5.

the Court considered HGIM's concerns about potential prejudice resulting to it on account of the case being stale, rejecting them because "'potential prejudice' is not an aggravating circumstance recognized by the Fifth Circuit; 'actual prejudice' is."[44] In its motion for reconsideration, HGIM rehashes its same argument that potential prejudice due to the delay is a sufficient aggravating circumstance.[45] But it is well established that "[a] party may not use a Rule 59(e) motion to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction."[46]

At bottom, it is clear HGIM filed the instant Motion because it does not agree with this Court's decision. That, however, is not a basis for this Court to reconsider its December 9, 2022 Order and Reasons. Accordingly, HGIM has not established the existence of a clear manifest error of law or fact in the Court's December 9, 2022 Order and Reasons, and its Motion must be denied.

## CONCLUSION

**IT IS ORDERED** that HGIM's Motion for Reconsideration[47] is **DENIED.**

**New Orleans, Louisiana, this 14th day of February, 2023.**

_(signature)_

**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[44] *Id.* at pp. 6-7.

[45] Notably, HGIM does not argue the Court made a manifest error of law in finding potential prejudice is not an aggravating factor for Rule 41(b) dismissal with prejudice under the Fifth Circuit's framework. Moreover, the *ipse dixit* of defense counsel is not evidence of prejudice. *See e.g.*, R. Doc. 50-1 at pp. 7-8 (citing nothing, but asserting only one of the crewmembers on board at the time of Plaintiff's accident is still employed with HGIM).

[46] *Sanchez v. Tangipahoa Parish Sheriff's Office*, No. 08-1227, 2010 WL 4340333, at *1 (E.D. La. Oct. 21, 2010) (quoting *In re Self*, 172 F. Supp. 2d 813, 816 (W.D. La. 2001)) (internal quotation marks omitted); *Warren v. Quarterman*, No. 3:08-CV-1228-N, 2009 WL 77694, at *1 (N.D. Tex. Jan. 12, 2009) (quoting *Peterson v. Cigna Grp. Ins.*, No. 99-2112, 2002 WL 1268404, at *2 (E.D. La. June 5, 2002)) (internal quotation marks omitted).

[47] R. Doc. 50.