UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KEEL CHARLES** | **CIVIL ACTION NO: 12-CV-2516** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **NABORS DRILLING USA LP, ET AL.** | **MAGISTRATE JUDGE DONNA PHILLIPS CURRAULT** |

## ORDER AND REASONS

Before the Court is a Motion to Continue Trial and/or Set a Status Conference (Record Document 94) filed by Defendant Nabors Offshore Corporation ("Nabors"). Plaintiff Keel Charles ("Charles") opposes the motion. For the reasons assigned below, Nabors's motion is **DENIED**.

## BACKGROUND

On May 4, 2011, Charles was injured while working as a service technician on an offshore rig owned by Nabors. R. Doc. 1-1 at ¶ 6. On April 17, 2012, Charles filed suit against Nabors and ATP Oil and Gas Corporation ("ATP"), the owner and operator of the lease and/or drilling operations, among others. R. Doc. 1-1. On August 24, 2012, ATP filed for Chapter 11 bankruptcy, prompting Judge Susie Morgan of this Court, to whom this case was originally assigned, to stay the matter. R. Docs. 18 and 31. On December 9, 2022, Judge Morgan granted a motion by Charles to reopen the case. R. Doc. 41. On June 8, 2023, this case was transferred from Section E to Section P of this Court, and on November 14, 2023, Nabors filed the instant motion to continue the January 22, 2024 trial. R. Doc. 94.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "The good cause standard requires 'the party seeking relief to show that the deadlines cannot reasonably be met despite the

diligence of the party needing the extension.'" *Oglesby v. Masse Contracting, Inc.*, No. 19-CV-2360, 2020 WL 3063849, at *1 (E.D. La. June 9, 2020). In determining whether the movant has met its burden, the court must examine four factors: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (citing *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). The good-cause factors apply equally to a motion to continue trial as to a motion to extend deadlines. *Matter of Aries Marine Corp.*, No. 19-CV-10850, 2023 WL 2646428, at *4 (E.D. La. Mar. 27, 2023).

## ANALYSIS

In its motion, Nabors urges the Court to continue the January 22, 2024 trial, arguing each of the relevant factors weighs in favor of a continuance. Nabors argues a continuance is justified because it recently located records confirming it procured insurance coverage through ATP's insurer and that with these records, it "is now proceeding with placing ATP's insurer on notice, again, of its demand for defense, indemnity, and additional insured status," and "will proceed with joining ATP's insurer as a third-party defendant . . . if its tender is not accepted." R. Doc. 94-1 at 4. Nabors argues such joinder is important as it is "necessary to ensure that all the proper parties are before the Court." *Id.* Finally, Nabors insists Charles will not be prejudiced by a continuance because "joining an additional party that provides primary and excess coverage to Nabors will inure to [Charles's] benefit." *Id.*

After careful analysis of the factors outlined by the Fifth Circuit, the Court finds Nabors has failed to show that good cause exists to continue the trial. Turning to the first factor, the explanation for the requested continuance, the Court is mindful that Nabors has only recently

discovered the existence of a potential insurer. Nabors does not explain, however, why it is only now discovering this information. Nabors's recent discovery of information, without an explanation for why it took so long to uncover, does not constitute good cause for a continuance less than two months before trial.

The second factor, the importance of the continuance, also weighs against continuance. Nabors argues amendment is necessary to ensure all of the appropriate parties are before the Court. As Charles points out, however, Nabors's insurance coverage is not central to the issues in this case and can be resolved outside of the instant action. Nor is the Court free of concern that a continuance would ultimately prove unnecessary if, for example, it is discovered that ATP's insurer does not have a duty to defend or indemnify Nabors against Charles's claim. The Court is, therefore, not convinced that judicial economy will be promoted by continuing this matter, particularly before it is known whether ATP's insurer has any obligations to Nabors, and if it does, whether the insurer will tender or whether amendment will ultimately be permissible.

Finally, the remaining two factors—prejudice and the possibility of a continuance to cure such prejudice—similarly weigh against a continuance. While the continuance sought by Nabors is admittedly brief, the incident that is the subject of this action occurred in 2011, and Charles has been waiting since then for his day in court. Nabors effectively argues that due to this lengthy case life, an additional six-month continuance will not prejudice Charles. The Court has the opposite view, however. The parties in this case have been involved in this litigation, albeit inactively, for more than a decade, and the Court believes, for this reason, an additional delay would result in meaningful prejudice to Charles as compared to Nabors, the party seeking the continuance.

Regardless of how long this lawsuit has been pending, the requested continuance would result in additional delay, and would require additional time, resources, and expense in a case in which Mr. Charles has been without his day in court for over ten years. For all of these reasons, the Court finds there is a significant risk of prejudice to Charles. This prejudice, combined with the weight of the first two factors, leads the Court to conclude Nabors has failed to meet its burden to show good cause exists to continue the trial in this matter.

**THEREFORE, IT IS ORDERED** Nabors's motion (Record Document 94) is **DENIED**.

New Orleans, Louisiana, this 6th day of December 2023.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**